R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Mavrix Photo, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAVRIX PHOTO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MCCARTHY, LLC,<br><br>Defendant. | **Case No.: 1:19-cv-03844-LAP** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR DEFAULT JUDGMENT

1

## Table of Contents

PRELIMINARY STATEMENT......................................................................................................5

ARGUMENT................................................................................................................................5

    I.    Legal Standard..................................................................................................................5

    II.    Plaintiff's Complaint Adequately States a Claim for Copyright Infringement................5

    III.    Plaintiff is Entitled to the Relief Sought......................................................................6

        A.    Plaintiff Need Not Establish Actual Damages ........................................................7

        B.    The Statute Warrants the Relief Sought..................................................................7

        C.    Precedent Warrants the Relief Sought.....................................................................9

CONCLUSION...........................................................................................................................12

## Table of Authorities

**Cases**

*Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522 (S.D.N.Y. 1991) ....................................8

*Capitol Records Inc. v. Thomas-Rasset*, 680 F. Supp. 2d 1045 (D. Minn. 2010).........................................7

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir. 1992).......................................................6

*D.C. Comics v. Mini Gift Shop*, 912 F.2d 29 (2d Cir. 1990)...........................................................................8

*DIRECTV, Inc. v. Pepe*, 431 F.3d 162 (3d Cir. 2005) .....................................................................................5

*Douglas v. Cunningham*, 294 U.S. 207 (1935).................................................................................................9

*Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319 (7th Cir. 1983) ....................5

*Engel v. Wild Oats, Inc.*, 644 F.Supp. 1089 (S.D.N.Y. 1986) ....................................................................11

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 288 (1952).....................................................11

*Fameflynet, Inc. v. Shoshanna Collection, LLC*, 2017 U.S. Dist. LEXIS 162704 (S.D.N.Y. Sept. 29,
     2017) .........................................................................................................................................................10

*Feist Publ'ns. Inc. v. Rural Tell. Serv. Co.*, 499 U.S. 340 (1991) ..................................................................6

*Fitzgerald Publ'g Co. v. Baylor Publ'g Co. Inc.*, 807 F.2d 1110 (2d Cir. 1986) ....................................6, 8

*Ford Motor Co.*, 930 F.2d 277 (3d Cir. 1997) .................................................................................................6

*Hamil America, Inc. v. GFI*, 193 F.3d 92 (2d Cir. 1999)................................................................................8

*International Korwin Corp. v. Kowalczyk*, 665 F. Supp. 652 (N.D. Ill. 1987)............................................10

*Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996 (2d Cir. 1995)........................................................................8

*Latin Am. Music Co. v. Spanish Broad. Sys., Inc.*, 232 F. Supp. 384 (S.D.N.Y. 2017)...............................8

*Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 519 F. Supp. 730 (S.D.N.Y. 1981) .......................11

*Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987 (9th Cir. 1998) ...........................10

*N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250 (2d Cir. 1992) .............................................11

*Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975)..................................5

*Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59 (1st Cir. 2002) ..............................................................................5

*Rogers v. Koons*, 960 F.2d 301 (2d Cir. 1991) ...............................................................................................9

*Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487 (1st Cir. 2011)............................................7

*Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51 (2d Cir. 1971)............................................................5, 6

*UMG Recordings, Inc. v. MP3.Com, Inc.*, 2000 Copyright L. Dec. (CCH) ¶ 28 (S.D.N.Y. 2000) ..............7

*UMG Recordings, Inc.*, 2000 U.S. Dist. LEXIS 13293 (S.D.N.Y. Sept. 6, 2000).......................................8

*Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183 (1st Cir. 2004)..................................................10, 11

*Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101 (2d Cir. 2001) ............................................................10, 11

*Yurman Design, Inc. v. PAJ, Inc.*, 93 F. Supp. 2d 449 (S.D.N.Y. 2000) ................................................7, 11

**Statutes**

17 U.S.C. § 410(c); ..................................................................................................................... 6

17 U.S.C. § 504(a)(2) ................................................................................................................... 6

17 U.S.C. § 504(c) ................................................................................................................ 7, 9, 12

17 U.S.C. § 504(c)(1) ................................................................................................................... 6

17 U.S.C. § 504(c)(2) ................................................................................................................... 9

**Other Authorities**

Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, § 2,

    113 Stat. 1774 ........................................................................................................................ 9, 12

**PRELIMINARY STATEMENT**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the plaintiff Mavrix Photo, Inc. ("Plaintiff"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its application for an entry of default judgment against defendant McCarthy LLC ("Defendant"), enjoining Defendant from its acts of copyright infringement and for an award of statutory damages.  Plaintiff is not seeking attorneys' fees and costs.

**ARGUMENT**

## I.    Legal Standard

Once a party has defaulted, the court must treat the factual allegations set forth in the complaint as proven except for those contentions relating to damages.  *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971) ("a default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability"); *see also Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002) ("A defaulting party is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.") (internal quotation marks and citation omitted)); *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiffs well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citation omitted)).

## II.    Plaintiff's Complaint Adequately States a Claim for Copyright Infringement

"To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns.*

*Inc. v. Rural Tell. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 701 (2d Cir. 1992).  A certificate of registration issued by the United States Copyright Office constitutes *prima facie* evidence of validity and ownership of the disputed material.  *See* 17 U.S.C. § 410(c); *see also Ford Motor Co.*, 930 F.2d 277, 290-91 (3d Cir. 1997) (citing cases).

Plaintiff's complaint alleges ownership of valid copyrights and a certificate of registration issued by the United States Copyright Office for the copyrighted work at issue.  *See* ECF No. 1 at ¶¶ 9-12.  In addition, Plaintiff has alleged that Defendant has not only copied Plaintiff's work, but has distributed and publicly displayed his work in violation of sections 106 and 501 of the Copyright Act.  *See id.* at ¶¶ 15-17, 23.  Plaintiff has further alleged that such infringing conduct was willful.  *See id.* at ¶¶ 18, 24.  Plaintiff has thus established grounds to impose liability on Defendant for copyright infringement in keeping with the precedent set forth by the Second Circuit in *Trans World Airlines*.

### III.     Plaintiff is Entitled to the Relief Sought

Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable for . . . (2) statutory damages, as provided by subsection (c)."  17 U.S.C. § 504(a)(2).  *See also Fitzgerald Publ'g Co. v. Baylor Publ'g Co. Inc.*, 807 F.2d 1110, 1114 (2d Cir. 1986) (copyright "owner may elect to recover - instead of actual damages and profits - statutory damages under 17 U.S.C. § 504(c)(1) for those works whose copyrights were registered at the time the infringement occurred.").  The statutory damages provision of the Copyright Act provides for an award of statutory damages for infringement in an amount from $750 to $30,000 if the infringer acted without willfulness or of up to $150,000 if the infringer acted willfully, as the court considers just.  *See* 17 U.S.C. § 504(c)(1).  Given the dictates of the statute and the case law, Plaintiff's request for $30,000 in statutory damages is justified.

### A.      Plaintiff Need Not Establish Actual Damages

While plaintiffs seeking default judgments in most civil actions need to establish the amount of damages suffered, that is not the case for default judgments under the Copyright Act because statutory damages are awarded even in the absence of actual damages under section 504(c) of the Copyright Act. *Yurman Design, Inc. v. PAJ, Inc.*, 93 F. Supp. 2d 449, 461-462 (S.D.N.Y. 2000) (awarding statutory damages without any evidence of plaintiff's actual damages). Nor should Plaintiff's monetary remedy be hampered by Defendant's failure to profit from the infringement. *See UMG Recordings, Inc. v. MP3.Com, Inc.*, 2000 Copyright L. Dec. (CCH) ¶ 28,141 (S.D.N.Y. 2000) (awarding $25,000 per each infringing CD despite evidence defendant failed to profit from the infringement); *Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487, 507-508 (1st Cir. 2011) (affirming instructions for damages that failed to hinge statutory damages as reasonably related to actual damages); *Capitol Records Inc. v. Thomas-Rasset*, 680 F. Supp. 2d 1045 (D. Minn. 2010) (awarding approximately $80,000 per 99 cent song).

### B.      The Statute Warrants the Relief Sought

A plain reading of the statute warrants awarding $30,000 in statutory damages for willful infringement. The statute sets three tiers for infringement, 1) innocent infringement from $200 to $750, 2) ordinary infringement from $750 to $30,000, and 3) willful infringement from $30,000 to $150,000. *See* 17 U.S.C. § 504(c). For example, section 504(c)(1) allows recovery, instead of actual damages and profits, an award of statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just." *Id.* Section 504(c)(2) allows for the statutory amount to move below this $750 floor down to $200 for what courts have called "innocent" infringement. *See* 17 U.S.C. § 504(c)(2) ("In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to

believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $ 200.").  Under Second Circuit precedent, "innocent" infringement is not the equivalent of infringement that lacks willfulness:

> It is plain that "willfully" infringing and "innocent intent" are not the converse of one another. Thus, it is possible in the same action for a plaintiff not to be able to prove a defendant's willfulness, and, at the same time, for the defendant to be unable to show that it acted innocently.

*Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986).

To demonstrate the requisite innocence, "an infringer must show (1) a subjective good faith belief in the innocence of its conduct that was (2) objectively reasonable under the circumstances." *Latin Am. Music Co. v. Spanish Broad. Sys., Inc*., 232 F. Supp. 384, 393 (S.D.N.Y. 2017); *see also D.C. Comics v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990).  In contrast, willfulness is established in the context of statutory damages if the "infringer either had actual knowledge that it was infringing plaintiffs' copyrights or else acted in reckless disregard of the high probability that it was infringing plaintiff's copyrights." *UMG Recordings, Inc.*, 2000 U.S. Dist. LEXIS 13293, *14 (S.D.N.Y. Sept. 6, 2000) (citing *Hamil America, Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999) ("The standard is simply whether the defendant had knowledge that its conduct represented infringement or perhaps recklessly disregarded the possibility."); *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1010-11 (2d Cir. 1995) ("Reckless disregard of the copyright holder's rights suffices to warrant award of the enhanced damages."). Willfulness is found even where the infringers acted under the belief that their infringement constituted fair use.  *See, e.g., Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522, 1543-45 (S.D.N.Y. 1991) (finding commercial photocopier of college coursepacks a willful infringer);

*Rogers v. Koons*, 960 F.2d 301, 313 (2d Cir. 1991) (characterizing Koons as a willful infringer despite fair use plea).

Accordingly, even in the absence of evidence of willfulness, statutory damages for infringement may fall within this tier of $750 to $30,000 whereas, if there is a showing of willfulness, section 504(c)(2) provides for the enhancement of damages up to $150,000.  17 U.S.C. § 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $ 150,000.").  In light of the statute's structure and wording, an award of $30,000 for willful infringement is thus justified.

**C.      Precedent Warrants the Relief Sought**

The need for encourage copyright owners to protect their property justifies the relief sought since a key purpose in adding the statutory damages provision to the Copyright Act was to encourage plaintiffs to take their infringement claims to court, which may be costly and inconvenient in cases where they would otherwise face a minimal recovery.  *See, e.g., Douglas v. Cunningham*, 294 U.S. 207, 209 (1935) (referring to the inclusion of statutory damages in the 1909 Copyright Act).  Before the addition of statutory damages to the Copyright Act, the available remedies were ineffective to discourage "willful and deliberate infringement" because plaintiffs had little incentive to incur the expense of trial when the infringing conduct yielded little profit.  *Id.*

In 1999, in the wake of the new presence of on-line copyright infringement, Congress amended the Copyright Act to raise the maximum for statutory damages up to $150,000 as a means of deterring the growth of digital infringement.  *See* Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, § 2, 113 Stat. 1774 (codified as amended at 17 U.S.C. § 504(c)).  Circuit Courts have adhered to the deterrence

purpose set by Congress, mandating that "[s]tatutory damages are not meant to be merely compensatory or restitutionary." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113-14 (2d Cir. 2001); *see also Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 196 (1st Cir. 2004) (holding the statutory provision of the Copyright Act is a punitive measure designed to deter infringers); *see also International Korwin Corp. v. Kowalczyk*, 665 F. Supp. 652, 658 (N.D. Ill. 1987) ("To determine the amount of statutory damages the court should primarily focus upon two factors: the willfulness of the defendant's conduct, and the deterrent value of the sanction imposed"). The purpose of the statutory award is meant to discourage wrongful conduct. *Yurman Design, Inc.,* 262 F.3d at 114; *see also Venegas-Hernandez*, 370 F.3d at 196 (remanding award of $100,000 per infringed song because "plaintiffs should be free to argue to the district court that the statutory damages rate should be increased, subject to the statutory cap of $150,000 per song"); *Los Angeles News Serv. v. Reuters Television Int'l, Ltd*., 149 F.3d 987, 996 (9th Cir. 1998) ("a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement").

Some courts have—erroneously—limited statutory damages for willful copyright infringement to a reasonable licensing fee plus a multiple of three to five to account for willful conduct. *See, e.g., Fameflynet, Inc. v. Shoshanna Collection, LLC*, 2017 U.S. Dist. LEXIS 162704, *15 (S.D.N.Y. Sept. 29, 2017). However, tying the amount of damages under section 504(c) to actual damages plus a random multiplier inflates the importance of actual damages. For example, to determine the amount of statutory damages within the range allowed by 504(c), the Second Circuit instructs that Courts may consider a number of factors, typically, "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties;

10

(5) the infringer's cooperating in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252-53 (2d Cir. 1992). Actual damages is but one item a court may consider and in the Second Circuit law there is a long tradition of courts awarding statutory damages without any consideration of actual damages or where such damage is absent. *See, e.g., Yurman Design, Inc. v. PAJ, Inc.*, 93 F. Supp. 2d at 461-462. (S.D.N.Y. 2000) (awarding $275,000 in damages against a defendant with a revenue of $19,000 for both infringing and non-infringing items in a product line); *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 519 F. Supp. 730, 732 (S.D.N.Y. 1981) ("statutory damages are appropriate where, as here, the measure of actual damages is difficult to prove."); *Engel v. Wild Oats, Inc.*, 644 F.Supp. 1089, 1091 (S.D.N.Y. 1986) ("flexibility in fashioning an appropriate award when actual damages and profits are unclear is entirely consonant with the broader goal of providing the copyright owner with a 'potent arsenal of remedies against the infringer'") (citation omitted).

In addition, hinging a statutory award of a reasonable licensing fee plus a random multiplier is flawed because it strays from the statute's purpose of deterrence. As the Supreme Court has explained, "[e]ven for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 288, 233 (1952). Statutory damages in the Copyright Act are purposefully punitive and "are not meant to be merely compensatory or restitutionary." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113-14 (2d Cir. 2001); *see also Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 196 (1ˢᵗ Cir. 2004) (holding the statutory provision of the Copyright Act is a punitive measure designed to deter infringers). This deterrence is especially important in the internet age of infringement, Congress having amended the Copyright Act to raise the maximum for statutory damages up to

$150,000 as a means of deterring the growth of online infringement.  *See* Digital Theft

Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, § 2, 113

Stat. 1774 (codified as amended at 17 U.S.C. § 504(c)).

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion

for default judgment and enter an Order: (a) enjoining and restraining Defendant, their agents,

servants, employees, and all persons acting under their permission and authority from infringing,

in any manner, the copyrighted works of Plaintiff; and (b) awarding Plaintiff statutory damages

in the amount of $30,000.

Dated: August 13, 2021

Respectfully submitted,

*/s/ R. Terry Parker*

R. Terry Parker, Esquire

## CERTIFICATE OF SERVICE

I, R. Terry Parker, hereby certify that I caused the foregoing document to be sent to the following by regular and electronic mail on the 13th day of August, 2021.

McCarthy, LLC
20 John Street
Brooklyn, New York 11201
schindler.evanly@gmail.com

/s/ R. Terry Parker
R. Terry Parker

13